Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3699 | **DATE** | September 10, 2010 |
| **CASE TITLE** | Jamal Taylor (K-74386) v. Illinois Department of Corrections | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of confinement to deduct $15.49 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund office at the Menard Correctional Center. The clerk is directed to issue summons for Defendant Anthony Ramos, and the United States Marshals Service is appointed to serve this defendant. The other Defendants are dismissed. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The Illinois Department of Health is dismissed as a Plaintiff.

■ [**For further details see text below.**]   Docketing to mail notices.

# STATEMENT

Plaintiff, Jamal Taylor (K-74386), an inmate at the Menard Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Illinois Department of Corrections ("IDOC"), Michael Randle (its former director), Sandra Funk (a transfer coordinator the IDOC), former Stateville warden Anthony Ramos, and Governor Pat Quinn. Plaintiff alleges that he was transferred to Stateville in August 2009 for five weeks while he was to appear in court. He states that he was housed in a building that had been condemned and that the conditions of his cell were deplorable (insect infested and unclean). He further alleges that he was kept at Stateville for three additional weeks because his transfer information was misplaced.

The court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $15.49. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and the Menard inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Assuming that Plaintiff's allegations are true, he may proceed against former Stateville warden Anthony Ramos, but not against the other Defendants. Although a potentially systemic prison problem may allow an inference of knowledge by the warden, *see Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir.1996), such an inference does not extend all the way to Illinois Department of Corrections officials or the governor. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Accordingly, IDOC Director Michael Randle and Governor Pat Quinn are dismissed. Sandra Frank is also dismissed as a failure to transfer an inmate from one prison to another, by itself, does not rise to the level of a constitutional violation. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) (a prisoner has no due process right to be housed in any particular facility).

The complaint also lists the Illinois Department of Health as an additional plaintiff (perhaps meant to be the Department of Public Health). However, no one signed the complaint on behalf of this party, and it appears that Plaintiff included the department without authorization. The Department of Health is thus dismissed as an additional plaintiff.

The clerk shall issue summons for service of the complaint on Anthony Ramos. The United States Marshals Service is appointed to serve Anthony Ramos. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former jail employee who can no longer be found at the work address provided by the Plaintiff, Stateville officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant, or to Defendant's counsel if an attorney enters an appearance on behalf of Defendant. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed *pro se* with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).